```
             IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA

                          Alexandria Division


WALTER SMALLS, JR.,            )
                               )
      Petitioner,              )
                               )
           v.                  )    CIVIL ACTION 1:03cv1293(JCC)
                               )    CRIMINAL NO. 1:02cr136(JCC)
UNITED STATES OF AMERICA,      )
                               )
      Respondent.              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Walter Smalls' "Motion to Vacate, Set Aside or Correct Sentence: Pursuant to Title 28 U.S.C.A. Sec 2255." For reasons set forth below, the motion is denied.

**I.**

Petitioner Walter Smalls was convicted by a jury on July 11, 2002 of Count I, conspiracy to commit interstate transportation of stolen property, a violation of 18 U.S.C. § 871; and Count II, interstate transportation of stolen property, a violation of 18 U.S.C. §§ 2 and 2314. On October 4, 2002, he was sentenced to 60 months imprisonment on Count I and 70 months imprisonment on Count II, to be served concurrently. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence in *United States v. Walter Smalls*, 67 Fed. Appx. 205 (4th Cir. 2003).

The trial evidence showed that Smalls was involved in the fencing of stolen goods. Boosters, i.e., shoplifters who had drug habits, would steal DVDs, videos, health and beauty aids, power tools, computers, over-the-counter pharmaceuticals, lotions, photographic supplies, lawn goods, and glucose test strips. They would steal these products from stores such as Walmart, K-Mart, Target, Lowe's, Home Depot, and John Deere and bring them to Smalls, who operated out of an open-air markets near South Capitol Street and at the RFK Stadium flea market in Washington, D.C. Smalls would pay boosters one-third of the retail price of the stolen merchandise.

The Federal Bureau of Investigation surveilled the two locations and observed individuals selling property to five or six fences. (Tr. July 10, 2002, Test. of FBI Special Agent Villa at 59-61).

On December 6, 2000, Darryl Carter, a cooperating witness, called Smalls to set up a meeting with Smalls and Dailey, Smalls' partner. Carter wore a body wire and the meeting was recorded. Cartel sold Smalls four Dewalt drills, DVDs, and Tylenol.

On January 31, 2001, Special Agent Villa set up another sting operation. She had Carter, in a recorded telephone call, arrange to meet Smalls at RFK Stadium. Carter wore a body wire and the meeting was videotaped. Carter sold Smalls linens and

health and beauty aids, which had been purchased at Sears and the Home Place in Alexandria, Virginia, or provided by Target in Virginia.  Cartel told Smalls that all the property was stolen in Virginia.

Several booster/addicts such as Darryl Carter, Forest Rankins, Lisa Wilson, Irene Simmons, Rubin Runion, John Vollin, and James Samuels testified against Smalls.  For example, Lisa Wilson, a crack addict, testified she had a $150-$250 a day habit and that she stole razors, shampoo, lotions, and movies from Walmart, K-Mart, and Food Lion in Virginia.  She would then sell the stolen property to Smalls.  (Tr. July 10, 2002, at 121-123).

**II.**

Smalls makes the following claims in his petition for relief:

1. The Court lacked subject matter jurisdiction;

2. His conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

3. His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defense favorable evidence;

4. He was deprived of his Confrontation Clause rights;

5. The Court erred in accepting testimony of certain named cooperating witnesses as "authorized representatives of a

3

government agency pursuant [to the] definition of 18 U.S.C. § 115(c)(1);"

6. The Court erred in sentencing Smalls based on a loss finding of $20,000,000;

7. Ineffective assistance of counsel, both at trial and on appeal; and

8. That the case of *Blakely v. Washington*, 124 S. Ct. 2531 (2004), requires that he be sentenced in accordance with that decision.

Turning to the various claims by Smalls:

1. <u>The Court lacked subject matter jurisdiction</u>.

Smalls alleges that he did not commit the crime and that he did not interfere with interstate commerce. Title 18, United States Code, Section 2314 provides in part:

> Whoever transports . . . in interstate . . . commerce any goods . . . [or] merchandise . . . of the value of $5,000 or more, knowing the same to have been stolen . . . [shall be guilty of an offense against the United States.]

Section 2(a) of Title 18 of the United States Code provides:

> Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

Also, section 21 of Title 18 of the United States Code provides that:

> Whenever . . . it is an element of an offense that any property was . . . stolen . . . and the defendant knew

4

>that the property was of such character, such element may be established by proof that the defendant, after or as a result of an official representation as to the nature of the property, believed the property to be . . . stolen. . . . [T]he term "official representation" means any representation made . . . by [a] person at the direction or with the approval of [a Federal law enforcement officer].

The trial evidence showed that Smalls induced cooperating witnesses to transport property from Virginia to the District of Columbia where he maintained his fencing operations. Smalls was aware that the property had been stolen. The value of the property exceeded $5,000, satisfying the jurisdictional minimum. *See United States v. Lagerquist*, 724 F.2d 693, 694 (8th Cir. 1984). Smalls' allegations of lack of jurisdiction must fail.

2. <u>His conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure.</u>

Smalls claims that Special Agents Rankin and Villa lied to the United States in obtaining a valid search warrant, falsely alleging that Smalls and others purchased and stored stolen items when in fact the agents knew that the items listed on the search warrant were not stolen. Smalls fails to allege any factual basis for this claim. None of the items seized in the search of Smalls' property were used in the prosecution. Accordingly, this claim also fails.

3. <u>His conviction was obtained by the unconstitutional failure of the prosecution to disclose to the defense favorable evidence.</u>

The affidavit of Special Assistant United States Attorney Mark Grider indicates that the Government had an open-file policy and that Smalls' counsel was given access to all the grand jury testimony and the FBI 302's in this case. Accordingly, this claim is without merit.

4. <u>He was deprived of his Confrontation Clause rights.</u>

Smalls alleges he was denied his right to confrontation. The record shows that a number of witnesses testified against Smalls, but that his lawyer cross-examined them. Smalls does not state in his petition how he was deprived of his rights. Accordingly, this claim is without merit.

5. <u>The Court erred in accepting the testimony of certain cooperating witnesses as "authorized representatives of a government agency" pursuant [to the] definition of 18 U.S.C. § 115(c)(1)."</u>

The boosters who testified against Smalls are Ivan Davis, Darrell Carter, Forest Rankin, Lisa Wilson, Irene Simmons, Robert Runyon, John Voloin, and James Samuels. They cooperated with the Government but were not representatives of a government agency. Accordingly, this claim is without merit.

6.  <u>The Court erred in sentencing Smalls based on a finding of a loss amount of $20,000,000.</u>

There was ample evidence to find a loss amount between $10,000,000 and $20,000,000.  Several of the Government's boosters testified at trial as to the amount of money involved.  At sentencing, the Government presented additional sworn declarations and grand jury testimony of boosters who did business with Smalls and Dailey, as well as the declarations of Smalls' competitors.  Smalls was sentenced to a term of imprisonment within the statutory limit set for his offenses.

Moreover, notwithstanding the advisory Guidelines range, the Court feels that Smalls' sentence accurately reflects the seriousness of his crime and is an appropriate sentence, taking into account all the factors set out in 18 U.S.C. § 3553.

7.  <u>He was denied effective assistance of counsel both at trial and on appeal.</u>

Smalls claims that his trial and appellate counsel failed to raise issues that he specifically requested they raise.

Ineffective assistance claims are governed by the standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *Strickland* test requires a two-part showing: (1) counsel's performance must have fallen "below an objective standard of reasonableness," and (2) that

"deficient performance" must have "prejudiced the defense." *Id.* at 687-88.

Smalls claims that he was entitled to raise the defense of entrapment. However, the evidence did not support the Court granting an instruction on this issue. Smalls also claims that his trial counsel failed to seek an explicit ruling from the Court on Smalls' motion for judgment of acquittal. The record belies that. Counsel renewed his motion and the Court denied it. Smalls has failed to show any deficient performance by his trial or appellate counsel. Accordingly, Smalls' ineffective assistance of counsel claim is without merit.

### 8. Blakely v. Washington

Smalls raises an unspecific challenge, seeking "any and all additional relief" pursuant to *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

Subsequent to the filing of Smalls' petition, the Supreme Court clarified *Blakely* in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court reaffirmed its "holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756 (2005). However, the rights recognized in *Booker, Apprendi, and Blakely*

8

are not newly recognized rights by the Supreme Court "made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255; *see Teague v. Lane*, 489 U.S. 288, 305-10 (1989)(adopting the general rule that newly recognized constitutional rules of criminal procedure should not be applied retroactively to cases on collateral review). The Supreme Court has explained:

> [T]he Supreme Court is the only entity that can "ma[k]e" a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court.

*Tyler v. Cain*, 533 U.S. 656, 663 (2001).

In *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001), the Fourth Circuit held that the rule announced in *Apprendi* does not apply retroactively on collateral review because it does not fall into one of the two exceptions to the general rule stated in *Teague*. Likewise, neither *Blakely* nor *Booker* apply retroactively on collateral review. *See Booker*, 125 S.Ct. at 769 ("we must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review"); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005); *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *United States v. Johnson*,

353 F. Supp. 2d 656, 657-58 (E.D. Va. 2005)(Smith, J.).

Accordingly, Smalls' motion will be denied.

May 10, 2005                           _____/s/ James. C. Cacheris_____
Alexandria, Virginia                   UNITED STATES DISTRICT COURT JUDGE